Good morning, everyone. First matter is Chang v. Children's Advocacy, Senator of Delaware. Good morning, Your Honor. It's Michael Confucius. On behalf of the appellant, Mr. Chang, I'd like to request two minutes of rebuttal, if I may. Answer how many? I'd like to request two minutes of rebuttal, Your Honor. Okay. We're asking the court to reverse and remand back to the district court for a hearing that's required, we say, under the False Claim Act statute. What did you request a hearing? That's actually, Your Honor, if you look at the docket, it was actually docket entry 53 on the district court docket. It was a brief that was filed by the relator. And if you look on that submission, which was only on pages four to maybe four to five, the relator basically objects to the government's motion to dismiss and talks about why they don't satisfy what we can have as a hearing. Okay, but where's the hearing actually requested? You say it should move on summary judgment, that they should be put to proof, etc. But where do you say we have a deuce at a hearing? That was in this document 53. What you just said to explain that filing is not the same as requesting a hearing. Yeah, but in this document 53 that was filed, which was the brief that the relator filed in opposition to the motion to dismiss, it wasn't included in the appendix only because it was a brief. Where in it do you request a hearing? Let me get you the exact page, Your Honor. It's on pages four to five. What exactly does it say? He talks about that the government's assertion of a legitimate interest to dismiss is not rationally related and that basically that it's a dismissal isn't warranted under the rational basis test and requests. He characterized it as a request for discovery and that he needed discovery in order to further demonstrate that there is either arbitrary and capricious or an illegality to the government's request. The conclusion requests the denial of the motion and permitting the to continue with the prosecution of claims, but it doesn't say a hearing should be held. What we contend is this document in opposition to the motion to dismiss is sufficient to request a hearing under the statute, whether or not it uses the word hearing. If you're correct, then fine and the court was wrong. The statutory language says shall provide an opportunity for to conclude that it really wasn't requested. Is it your position that whether or not you requested the statute says that the court must affirmatively say? No, it's not. I agree with Your Honor. Opportunity for a hearing is first of all the notice comes first. Notice was provided in this case. There's no dispute about that. Opportunity for the hearing is I would think that there are cases where the government says we're going to move to dismiss the claim. And there were later doesn't say anything and doesn't have an opportunity for a hearing. It's not an automatic hearing. No, I don't think it is. And I don't think the court has to hold that. But I do think that the later objects to the motion to dismiss. At that point, the statutory requirement for the hearings triggered. Well, but, you know, you can object to the motion. But if there's going to be a hearing, shouldn't the brief in opposition set forth the facts that you've adduced that should make the government think twice about what it's I don't see anything in here other than saying, you know, make the government do more. Well, I agree with Your Honor on the on the logical approach to it. But again, I think on this, if the court looks at this docket 53, document 53 on the civil docket, which was what they were later filed in opposition on page four, he does set forth the reasons why the government's assertion of, for example, the waste of resources is not rationally related to that asserted rebutting the motion to dismiss. I think it does rebut the motion to dismiss, because remember, I agree, it does rebut the motion to dismiss. But rebutting the motion to dismiss, which one has to do unless you're going to just suffer the falls of the motion being granted. That's not the same as saying that you want a hearing on the motion to dismiss. It's a very different moment. It's a very different thing. Well, I guess it depends on how the court is going to define the word hearing. To me, I don't think the court has to hold that hearing means an evidentiary hearing in every case. I don't think it need go that far. I think the court should look at the specifics of this case to start and look at what the judge did in this case. He didn't do anything. He didn't state the reasons why you dismissed the government's motion. He didn't articulate any reasons in the decision below. He just issued an order. But you're not complaining about that. You're on appeal. Your only issue is you need to hear it. Well, I think we are complaining that the fact that the district judge granted the government's motion to dismiss and didn't articulate why. He didn't say, I find, for example, Your Honor, that the government's assertion of waste of resources is a legitimate reason for the government's motion to dismiss. He didn't say anything. Are you really contending that I didn't take your brief as having a substantive objection to what he did, but just requesting a hearing? Well, I mean, I think that that's no, I do think that we made this argument in the brief, and I think that's the part and parcel of the argument is this. Under the statute, the government moves to dismiss, it has to provide notice, and the court has to provide an opportunity for a hearing. Could that hearing be, we consider the moving papers, we consider your objection, and that's a version of a hearing? I agree. It could be. The court could say, I've read the submissions from the government, and I've read the submissions from the relator, and I don't find that there be any issue raises to the government. In other words, it satisfies the racial relation test, even looking at both parties' submissions. And on that ground, I'm going to dismiss the false claim, that claim. I think that's sufficient under the statute. The problem I have in this case is that wasn't done either. The district judge at least has to articulate some reason for the dismissal under the statute. Well, it's a curious statute. It says the government may dismiss. It doesn't say the government may move to dismiss. Almost seems like, and when there's a settlement in a key TAM action, there's specific requirements that the settlement be approved as not arbitrary or capricious, et cetera. So when Congress wants to put a standard in, they know how to do it. Here, they say the government may dismiss, provided that the court has provided an opportunity for a hearing. So it's kind of curious that there aren't really any standards. I agree with your honor. Look, in my view, intellectually, the court could certainly go either way on the argument. It could either accept this SWIFT DC Circuit standard and just say there's no judicial component to the review, or it could accept the argument we're putting forth, which is, I guess, originally in the Ninth Circuit. But my argument is this. You have to look at the statute, right? I mean, the court's trying to interpret what the statute means. And if it was the DC SWIFT standard that governed, why wouldn't the statute just say something like, if the dismissed the action? It would just say that. So the fact that the statute itself says, and provide an opportunity for a hearing, and hearing certainly in the context of the statute, knowing that it's a court case, hearing has some involvement of the district court judge, whether it's an oral argument, whether it's a full-blown evidentiary hearing. But you do agree that the court doesn't have to send a letter out to counsel saying, do you want a hearing? There has to be a request. I think there has to be a request, or something that suffices. If it's an opportunity for a hearing, you know, it's hard for me, I think in this case, this document 53, the relator filed, I think if the court looks at it on the docket, is enough to trigger the request for the hearing. Well, does docket 53 alone satisfy your opportunity for a hearing? You mean just submitting it? Yeah. If the judge, I'm sorry, you're on a reference. Well, because now you've had your opportunity to say your piece, and why it shouldn't be dismissed, considers both sides, and makes a decision. Yeah. I think there's two problems with that in this particular case. The answer is, it could satisfy it, but the judge in the case has to say, I've reviewed the two-party submissions, and I find the following. Even if it's a two-sentence memorandum, the government asserted, we don't want to spend any money. And you're saying this will have to be for some kind of good cause. Yes, under the very, and remember, this racial relation test is extremely low, even the government says it's barely above the SWIFT standard, and it is, and it should be. I think if the hearing language was not... Because if we're getting a good cause, we then get into an arena where the court is reviewing an exercise of prosecutorial discretion. So if we take the SWIFT approach to the D.C. Circuit, and look at this as if it were the government's discretion in terms of whether or not it wants to dismiss, or intervene and pursue the action on its own, don't we get into problems if you're saying that the court has to then put itself in a position where it is second-guessing, or passing on the adequacy of the government's rationale for dismissing? I think that's certainly a factor, Your Honor, certainly a factor, and that would support the I would go back to, if the statute didn't contain that language or that phrase, opportunity for a hearing, I think that rationale probably should prevail, and I wouldn't have a good argument. I think my argument hinges on the language of the statute itself, and this court's attempt to interpret what Congress intended on that regard. And I think given how minimal the standard is, we're not saying there has to be an evidentiary hearing in every case. There doesn't. This is all with respect to the district court's discretion. I think the judges are well-suited to make those things. But I do think the court should say, opportunity for a hearing means, if there's an objection to the motion to dismiss, the district judge at least has to say, I reviewed the party submissions, and I find the following. If the district judge then says, you know what, there's a legitimate issue being raised here as to whether or not the government's asserted interest either doesn't satisfy the rational test, which is probably going to be rare, or maybe there's some indication of either it's arbitrary or capricious, those very high standards. If we set forth a standard, the government, as long as it's satisfied the government has investigated it, and the statute says the government may dismiss, I mean, these cases, even when the government doesn't intervene, the government has to co-prosecute this case. And, you know, the court's going to second-guess the, once they determine, and this motion was pretty thorough, the government setting forth the reasons, and also that Chang has filed a few of these cases, and is an experienced relator, should know how to request a hearing for sure, right? I mean, has it filed how many key TAM actions? I don't know. I don't think that's in the record, but. No, but they filed, they said, set forth in their motion, you know, he's a frequent fire in terms of his key TAM actions. He certainly knows how to produce, or how to request a hearing. But it seems to me, if the statute says the government may dismiss and doesn't have standards, are we really supposed to put standards in there that aren't found in the statute? Especially here, where the rationale is just, look, it's not worth an expender of resources. How's the court going to do that? I think the problem, though, with that is that, again, referencing that document 53, if you go on page four, the relator then says, well, they've said waste the resources, and he would botch why that's not really a legitimate reason in this particular case. Has he set forth any facts that would bolster his claim that this grant money, you know, is related? I mean, I didn't see anything in there other than put the government to its proof they should have to produce more. And you would think, if the relator has done its own investigation and thinks that the government's wrong, should put forth in the opposition what facts there are that would counter it. I agree with you that maybe the brief in opposition could have been more detailed in that regard. But I do think the relator's amended complaint details why he thinks the CAC violated the False Claim Act itself. So to that extent, and again, because it was a motion to dismiss, if you're just looking at the pleadings, I think it was enough, certainly, to warrant, as I said, some kind of a hearing, which, again, is in the district court's discretion, but I see my time is up. But, you know, I think the most important thing is, go ahead, Your Honor, were you going to ask me a final question? No. I saw you poised. No, I was waiting for you to. Well, I will stop the court, ask further questions, and I'll be back up at rebuttal. Thank you, Your Honor. Thank you very much. Mr. Steinberg. Good morning, Your Honor. Dillon Steinberg for the United States. With me at council table are Ed Black from the Eller Department of Justice and Kim Boyer-Cohen, who represents Children's Advocacy Center. I just want to pick up on a couple of things. You have the same problem I have. You speak very quickly, although I tend to mumble and you're very clear. So if you just slow it down a little bit, I'll be able to. I can do that, Your Honor. Thank you. I just want to touch on a couple of things that Mr. Confusione mentioned. It seems to me that essentially what RELATOR is trying to do here is to flip the burden. What the document that Mr. Confusione referred to, that's this brief at Docket Entry 53, says is, given the lack of intervention and the fact that RELATOR has borne the full effort in this matter, the only evidence in the record demonstrates that the government has presently deployed minimal resources. And essentially, if that is enough, then what we're saying is, what appellant is saying is, the government has to prove its assertion that there's a basis to dismiss this. And that seems like it clearly flips the balance on its head here. Is there a reference to a hearing in the brief in opposition? There is a reference to a hearing in the legal discussion of what under the two standards might occur at that hearing. That's all there is. It's rather oblique. Yes. But there is a reference to saying a hearing, blah, blah, blah, should occur. Not so much should occur. I think there is an assumption that a hearing will occur. But there's not a reference to why the hearing will occur. And as Mr. Confusione conceded, the opportunity to file a brief is itself an opportunity for a hearing. And it seems to me that's, at least in this case, that's dispositive, right? Really, you'd equate the filing of a brief with a hearing? Well, again, in our brief, we referenced the Stinson case, which construes Section 3730E, but a subsection of the same statute. And in that case, the same word, hearing, is construed as the proceedings that happened before the court, not just a formal in-person hearing. So we would suggest that given that, you know, just two subsections earlier, you use the same word, the implication is that the same opportunity is there. I'm curious, given the facts here, I was trying to imagine what a hearing would look like. You're saying, look, it's not worth our time, basically. And also that the alleged impropriety, the alleged misstatements, the alleged fraud that the villager is relying upon for recovery under the False Claims Act, that was not material to your decision to pay. So that would mean that the villager would have to discover, have to establish what was material to the decision to pay. I guess you could do that because it's kind of like materiality under a fraud standard. But in terms of the discretion whether or not to use the resources to prosecute it, I don't know what that hearing would look like. Nor do I, Your Honor. I think the issue here is certainly there are circumstances, and the D.C. Circuit acknowledges this in swift, there are circumstances such as a fraud on the court where there would be a need for the court to step in and say dismissal here is not proper. But those circumstances, everyone agrees that those circumstances are extremely rare. The D.C. Circuit uses the word exceptional. Do we even need to wade into the circuit split? Couldn't we just say you move to dismiss, he had an opportunity for a hearing, which he either forfeited or satisfied by filing Docket 53, and that's it? Yes, Your Honor. It would be, and a number of courts have said, again, because both standards are extremely deferential to the government, a number of courts have said we don't really need to decide which standard we're going to apply here because under either standard, the standard is clearly satisfied on these facts. And if there's a forfeiture of the opportunity for a hearing, then you don't need to go to either the Ninth Circuit or the D.C. Circuit. Indeed. And isn't there another possibility that, you know, we're talking about either unfettered discretion or rational relationship that the government moves to dismiss and the relator comes in and has a lot of good reasons why it shouldn't be dismissed and the district court says, you know, I'm going to deny the motion to dismiss, you know, move forward because there are a lot of reasons why it shouldn't be dismissed and doesn't have to do a rational relation. Why don't we just leave it to the district court to figure out when, district court knows how to handle motions. Sure. And knows how to resolve them. And if it doesn't think that the government really has looked into it, just deny the motion. Why do we need these tests? Sure. I think the issue here, Your Honor, is what the government is trying to do here is figure out how to allocate its prosecutorial and investigative resources. And if the deeper a dive that the district court is permitted to take into whether the deployed not to any of these investigations at all, but in right sort of defending its decision to dismiss the cases that it has decided are least worthy of using its resources on. Right. And that's really the issue. And usually won't the government talk about the extent of the investigation that it's done and what it's uncovered? Yes. I mean, I just learned recently how extensive the government does look into these key town matters. And yet it matters a lot to the relator. They get a huge percentage, you know, if they're successful. So there's a lot on the line at stake on both sides here. Yes, Your Honor. I think, again, the concern is that where the government's decision to dismiss is under some sort of searching scrutiny. Now, you know, the government may have a relatively easy time in a particular case, as it did in this case, concluding that both of the dollar amount was very small and that there was a very low likelihood of system of merits because of the materiality question. Right. There was there did not appear to be any material link. And the concern is, and this has happened in a couple of district courts, when the district court starts digging deeper and saying, well, you know, I want you to put on witnesses and I want you to show me the court how deeply you've investigated this case. I think we move out of the circumstance in which the government, which is always the real party in interest. Right. It's the government's claim. It's the government that's been defrauded and the government has decided we don't we don't think our resources are best spent over here. We think our resources are best spent over there. And now it's it has to spend a fair in some cases a fair amount of resources dealing with a case that it has already decided isn't isn't worth the candle. But as Judge Porter notes, you know, maybe we're not there yet in terms of getting into the weeds of that that issue. Again, I think it is it is true that on on this record, the court could say we don't need we don't need to go all the way to the bottom of of what the standard is and exactly how it would apply. Well, on that point, do you have the statute there in front of you? I do. So the dismissal section is 3730 C2A. It is. Let's look at 3730 C2B, the next one. It says the government can settle these cases if the court determines after a hearing that the settlement is fair and so on. And then the last sentence says upon a showing of good cause, that hearing can be held in camera. So what's the difference between the hearing in subsection B and the opportunity for a hearing in subsection 2A? Again, I think under Stinson, I think first of all, the word hearing is the word hearing under Stinson. I think it was very different. The language is federal, criminal, civil or administrative hearing in which the government or its agent is a party. As compared to here, it says a hearing on the motion or an in-camera hearing. It's just there's different. I don't think I think they're apples and oranges. I'm not focused so much on the word hearing, but on hearing versus opportunity for hearing. Again, I think opportunity for a hearing certainly suggests that there is less need for the situation. The bar is lower. I guess it's hard to know exactly how much lower. But to the extent that Appellant's case is predicated on I didn't get an in-person hearing and I was entitled to one. I think opportunity for a hearing is dispositive on that issue. I guess what I would like to move to is the distinctions between these two standards. The government's position is the distinctions are quite small, but nevertheless significant and they're significant in particular with respect to this issue of burden that I was talking about earlier in what how the district court interprets its role. Is the district court's role to inquire into the adequacy of the government's investigation and the accuracy of its or the propriety of its reasons for dismissal or is that burden on the relator? And I think under both standards, it is clear that the burden for that is on the relator, that it's up to the relator to come forward with some basis for needing to dig more deeply. And Judge McKee, earlier you mentioned the analogy to prosecutorial discretion. And again, in the Washington case recently, this court in that circumstance identified the, you know, even in circumstances where the discretion was not absolute, the bar for the need for discovery and the need for the court to sort of dig in more deeply to the basis for the decision, the bar for that is already quite high. What the person seeking discovery or seeking a hearing needs to come forward with is a great deal. And in the prosecutorial discretion context, that person is potentially facing imprisonment. Here, the relator certainly has a role under the False Claims Act, but it is the United States, not the relator, whose claim is that issue here. So I would suggest that the bar here is even lower in terms of what process is necessary in order for the relator to get the opportunity for a hearing that's required. If the court has no further questions. Thank you. Thank you, Your Honor. I'm sorry, Your Honor, I didn't know there was no other argument. Sometimes folks do not wait for the red light to sit down. I know the court understands the issue. The only thing I would point out is that I looked through, again, this famous document 53, because I don't want to leave anything off the table. But the only time he really references the word hearing, as far as I can see, is on page three, where he's talking about the night circumstandard. And he says, a hearing before the court demonstrates that more than a meeting to permit an opportunity to convince the government. So he references hearing, but he doesn't say, I want a hearing. But I would contend that the objection itself, and certainly the discussion contained in this case, is enough to have triggered the statutory requirement. Mr. Steinberg's argument, the reason for dismissing is that it's not worth a candle. And they don't want to put resources in it. Maybe they can't put resources in it. They've got to pull resources from someplace else. To the extent they have to then prepare for a hearing, go into a hearing, present testimony, they have to then put resources into a case. They've already decided it's not worth it. So that by forcing them to move forward, you're basically undermining the very rationale they have for dismissing the case. How do you respond to that? No, I think how I would respond is that goes too far. And I'm not asking the court to do that. I mean, what Mr. Steinberg is discussing is really an evidentiary hearing, or some kind of evidentiary verdict. I think the first thing the district court has to do is look at the government's motion to dismiss, look at what the relator said, and then find whether or not the government met this rational relationship. Why wouldn't that be implicit in the fact that the government, the motion to dismiss was granted? I mean, I assume that the judge is doing something other than sitting there with a motion to dismiss on one side of the chamber's objection to the motion to dismiss on the other side of the chamber's, closing his or her eyes and then throwing a dart, which is closer to the motion to dismiss, is it closer to the objection? The implicit in this is the fact the court looked at this and made a decision that the motion to dismiss should be granted, despite the objection. That's your concept of a hearing. Isn't that endemic in what happened procedurally? I don't think so, because I still think the judge has to issue some kind of an opinion, a reason for why it issued the order. And again, and then I know my time is up, but I think the important part is the statute. And I understand what Your Honor was saying between the A and B sections. I'd like to hear your thoughts on that. Yeah, I think the fact that the claim has been settled certainly probably implicates a greater interest and more judicial intervention. But I think the fact that the statutory language we're citing here still uses that same word hearing and it says opportunity for hearing, requires more than just what the government asserts. Their assertion means the statutory language of hearing is read out completely out of the clause. And I don't think that that's a good way for the court to interpret the statute. Thank you for hearing the case, Your Honor. Thank you very much. And thank both also for their arguments. We'll take matter into advice.